IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINDA CONDELLO,                          3:19-cv-01985-BR

          Plaintiff,                 OPINION AND ORDER

v.

COLUMBIA COUNTY, an Oregon
municipality,

          Defendant.

JACOB JOHNSTUN
Johnstun Injury Law, P.C.
1935 St. Helens St., Ste. A
St. Helens, OR  97051
(503) 410-3572

        Attorney for Plaintiff

JOHN R. BARHOUM
TRACY J. FRAZIER
Chock Barhoum L.L.P.
121 S.W. Morrison St., Ste. 500
Portland, OR  97204
(503) 223-3000

        Attorneys for Defendant

BROWN, Senior Judge.

    This matter comes before the Court on Defendant Columbia

County's Motion (#23) for Summary Judgment.  The Court concludes

1 – OPINION AND ORDER

the record is sufficiently developed, and, accordingly, oral argument is not required.

For the reasons that follow the Court concludes there is a genuine dispute of material fact, and, therefore, the Court **DENIES** Defendant's Motion for Summary Judgment.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and the parties' stipulated facts regarding Defendant's Motion for Summary Judgment.  The following facts are construed in the light most favorable to Plaintiff, the nonmoving party, and are undisputed unless otherwise noted.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## BACKGROUND

### I.    Factual Background

On December 8, 2017, Plaintiff went to the Columbia County Courthouse in Saint Helens, Oregon, to testify in a hearing on behalf of her boyfriend.  Plaintiff sat on a chair in the common area outside of the courtroom while waiting to testify.  When Plaintiff sat on the chair, the fastener holding up the front left side of the seat came free and caused the corner of the

seat to descend several inches.

Plaintiff had been to the courthouse several times before the day in question as part of the same case.  She could not recall whether she sat in the same chair before, but she thought it was "cuter" than the others.

In a report about the incident Casey Garrett, a County employee, stated the chair "partially gave way when [Plaintiff] sat down due to a loose, or failing fastener, which connected the seat of the chair to the left leg assembly."  Garrett testified the chair was likely made in the 1990s.

Andrew Ventris, another county employee who was a facilities maintenance technician at the time of the incident, stated he conducted "preventative maintenance walkarounds" of the courthouse.  These walkarounds involved "looking and seeing if any lights are out or anything like that or anything is out of place or broken."  When Ventris was asked whether he routinely inspected courthouse furniture, he responded:  "If we get a complaint on it, yeah . . . If we see something that looks out of place, but I don't go around and sit in every chair to check them out."

## II.  Procedural Background

On December 6, 2019, Plaintiff filed a Complaint and

alleged a single claim of premises liability against Defendant. Plaintiff alleges she was a public invitee on the day of her injury and that Defendant owed her the duty to maintain reasonably safe premises and to protect her from unreasonable risk of harm. Plaintiff also alleges Defendant knew or should have known the chair was old and warranted inspection to identify any needed repairs or, in the alternative, replacement. Plaintiff asserts the incident resulted in injury to her bicep, Achilles tendon, and shoulder, and she required surgery as a result.

On December 31, 2019, Defendant filed an Answer (#7). The parties agree Plaintiff did not negligently contribute to the incident.

On December 7, 2020, Defendant filed a Motion (#23) for Summary Judgment. On January 4, 2021, Plaintiff filed her Response (#25) to Defendant's Motion. On January 19, 2021, Defendant filed a Reply (#26) in support of its Motion, and the Court took the Motion under advisement.

## STANDARDS

### I.   Summary-Judgment Standards

Summary judgment is appropriate when "there is no genuine

4 – OPINION AND ORDER

dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.* "This burden is not a light one . . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am.*

*W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted).  A

"mere disagreement or bald assertion" that a genuine dispute as

to a material fact exists "will not preclude the grant of

summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No.

2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20,

2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir.

1989)).  When the nonmoving party's claims are factually

implausible, that party must "come forward with more persuasive

evidence than otherwise would be necessary." *LVRC Holdings LLC

v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation

omitted).

    The substantive law governing a claim or a defense

determines whether a fact is material. *Miller v. Glenn Miller

Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the

resolution of a factual dispute would not affect the outcome of

the claim, the court may grant summary judgment. *Id*.

**II.  Premises-Liability Standards**

    Under Oregon law the mere fact that an invitee is injured

on the premises does not by itself give rise to an inference of

negligence. *Starberg v. Olbekson*, 169 Or. 369, 373-74 (1942).

*See also Mattos v. Walmart, Inc.*, No. 1:19-cv-01819, 2020 WL

4805433, at *4 (Aug. 18, 2020).  A business owner need only make

its premises reasonably safe for an invitee's visit. *Glorioso v. Ness*, 191 Or. App. 637, 643 (2004).  To make the premises reasonably safe the owner must exercise due care to discover any condition of the premises that creates an unreasonable risk of harm to the invitee.  *Id.*  The owner must exercise the standard of care to eliminate the condition or to warn any foreseeable invitee of the risk of harm.  *Id.*  A condition is not unreasonably dangerous if the hazard arising from the condition would be known and understood by a reasonable person who expected to encounter the condition.  *Maas v. Willer*, 203 Or. App 124, 127 (2005).

### III. *Res Ipsa Loquitur Standards*

*Res ipsa loquitur* is a rule of circumstantial evidence that allows the finder of fact to infer causation and negligence. *Hammer v. Fred Meyer Stores, Inc.*, 242 Or. App. 185, 190 (2011). For *res ipsa loquitur* to apply, the plaintiff must show the following:  (1) there was an injury, (2) the injury "is of a kind which ordinarily does not occur in the absence of someone's negligence," and (3) the negligence that caused the event was "more probably than not" attributable to a particular defendant. *Hammer,* 242 Or. App. at 190-91.

The finder of fact can infer negligence if an "accident is

of a kind which ordinarily would not have occurred in the
absence of the defendant's negligence, even though it is
impossible to determine the specific way in which the defendant
was negligent." *Hagler v. Coastal Farm Holdings, Inc.*, 354 Or.
132, 154 (2013). Proof of the defendant's exclusive control of
the instrument that caused the harm is not required. *Id.*

## **DISCUSSION**

Defendant contends there is not any evidence to show there
was an unreasonable risk of harm to Plaintiff, and, therefore,
summary judgment in favor of Defendant as to Plaintiff's
premises-liability claim is appropriate. Defendant points to
the fact that Plaintiff testified the chair appeared to be in
good condition as she approached it, and it was only when
Plaintiff sat down that the fastener broke.

Plaintiff, however, asserts there is an inference of
negligence pursuant to the doctrine of *res ipsa loquitur*
sufficient to create a genuine issue of material fact because
Plaintiff did not have control of the chair; Defendant had
exclusive control of the chair and the opportunity to inspect
its condition; Defendant did not fulfill its duty, which
resulted in injury to Plaintiff; and Defendant has not offered

any explanation to negate the inference of negligence.

The record reflects Plaintiff was an invitee at the courthouse, and, therefore, Defendant had a duty to discover any conditions that created an unreasonable risk of harm to Plaintiff and either to eliminate or to warn Plaintiff of such conditions.  The parties agree the failure of the fastener on the chair was the cause of the incident and, as noted, that Plaintiff did not contribute to the collapse of the chair. Defendant's employees testified they made "preventative maintenance walkarounds," but they did not "sit on every chair to check them out."  The issue remains whether Defendant's actions were sufficient to make the premises reasonably safe; whether the condition that resulted in Plaintiff's injury was an unreasonable risk of harm; and, if so, whether that condition was discoverable by Defendant before the incident.

Even though Plaintiff may be unable to point to any specific conduct by Defendant that resulted in the collapse of the chair, Plaintiff may rely on circumstantial evidence to argue this kind of accident does not ordinarily occur and that it was more likely than not caused by Defendant's negligence. Based on the doctrine of *res ipsa loquitur*, the finder of fact may infer Defendant was negligent even though it is impossible

to determine the specific way in which Defendant was negligent. *Hagler*, 354 Or. at 154.

Based on the current record the Court concludes there is a genuine issue of material fact that precludes summary judgment and that must be resolved by the finder of fact.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#23) for Summary Judgment.

A Joint Status Report by the parties is currently due March 31, 2021. The Court **DIRECTS** the parties to confer and to include in that Joint Status Report a proposed case-management schedule, including deadlines for filing a proposed Pretrial Order and Pretrial Documents, and mutually agreeable dates for a Pretrial Conference and Jury Trial.

IT IS SO ORDERED.

DATED this 26th day of February, 2021.


                                    /s/ Anna J. Brown

                                    _____
                                    ANNA J. BROWN
                                    Unites States Senior District Judge


10 – OPINION AND ORDER