IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LINDA CONDELLO,**

    Plaintiff,

v.

**COLUMBIA COUNTY,**

    Defendant.

Case No. 3:19-cv-1985-SI

**ORDER**

**Michael H. Simon, District Judge.**

    After a two-day trial, the jury found that Defendant Columbia County was not negligent and returned a verdict for Defendant. On March 16, 2022, Plaintiff Linda Condello filed a motion for new trial. ECF 94. Defendant opposes Plaintiff's motion and submits a bill of costs. ECF 92, 95. Plaintiff has filed no objection to Defendant's bill of costs. For the reasons below, the Court denies Plaintiff's motion and awards Defendant's costs.

    Under Rule 59(a) of the Federal Rules of Civil Procedure, a district court may "on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Rule 59 does not specify the grounds on which a motion for new

PAGE 1 – ORDER

trial may be granted." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). "Rather, the court is 'bound by those grounds that have been historically recognized.'" *Id.* (quoting *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003)). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Id.* (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)); *see also Shimko v. Guenther*, 505 F.3d 987, 993 (9th Cir. 2007).

A "trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski*, 481 F.3d at 729 (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)). In determining the clear weight of the evidence, "the district court has 'the duty . . . to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence.'" *Id.* (alterations in original) (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)).

Plaintiff argues that the verdict goes against the clear weight of the evidence because Defendant failed to prove the reasonableness of its actions. Plaintiff contends that she "undeniably met her burden in proving a *prima facie* case" and that it was therefore "up to defendant to offer adequate proof of its reasonableness in order to escape liability." ECF 94, at 6. Plaintiff misunderstands the burden of proof in this case. Plaintiff's single claim of negligence does not require burden shifting. It is Plaintiff's burden to prove by a preponderance of the evidence that Defendant did *not* exercise reasonable care. As the Court explained in its order on pretrial matters, Plaintiff could show that Defendant was negligent based on a theory of *res ipsa*

*loquitor*, but that theory does not shift the burden of proof to Defendant. *See* ECF 80, at 2-5. The sole issue on liability before the jury was whether Plaintiff met her burden of proof to show that Defendant was negligent and, if so, that Defendant's negligence caused Plaintiff's injuries. It was not Defendant's burden to prove that it acted with reasonable care or was otherwise not negligent. In this case, the jury found that Plaintiff failed to meet her burden and therefore returned a verdict for Defendant.

At trial, Plaintiff presented evidence that she was subpoenaed to the Columbia County Courthouse, sat down in one of Defendant's chairs, that the fastener in the chair came free causing one corner of the chair to fall approximately one inch, and that she suffered injuries as a result. Although not required to do so, Defendant presented evidence that its maintenance team conducted daily visual inspections of all courthouse chairs and that Defendant was unaware of any maintenance issues with any of its chairs. The jury could conclude from this evidence that Defendant was not negligent.

Plaintiff also argues that defense counsel mischaracterized the issues in this case during his opening statement. Plaintiff, however, made no objection to defense counsel's opening statement at trial and therefore has waived that argument. *See Guam v. Gill*, 61 F.3d 688, 693 (9th Cir. 1995) ("Failure to make a timely objection constitutes a waiver of that objection."). In any event, defense counsel did not misstate the law during his opening statement. Defense counsel stated that one of the issues in this case is whether Defendant did "something wrong" by, for example, failing to fix a noticeably broken chair or buying flimsy chairs. Those statements speak to the question before the jury of whether Defendant had acted with reasonable care.

The Court DENIES Plaintiff's motion for new trial (ECF 94). The Court also has reviewed Defendant's bill of costs and finds that Defendant's costs are reasonable. The Court

PAGE 3 – ORDER

GRANTS Defendant's bill of costs (ECF 92) and awards Defendant costs in the amount of $1,470.55.

**IT IS SO ORDERED**.

DATED this 18th day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge